[Crim. No. 5273.   Second Dist., Div. One.   Mar. 2, 1955.]

THE PEOPLE, Respondent, v. MANUEL MATA et al., Appellants.

Eleanor V. Jackson for Appellant Mata.

A. L. Wirin and Ralph Estrada as Amici Curiae on behalf of Appellants.

No appearance for Respondent.

THE COURT.—We have before us two applications, one filed by appellant Mata and titled "Application for Leave to File Supplemental Opening Brief and Supporting Affidavit and Supplemental Brief."   The other is an application by Alianza Hispano-Americana (Spanish-American Alliance), a fraternal organization, to file a brief amicus curiae on behalf of appellants.

In the application to file a brief amicus curiae it is pointed out that "The Alianza Hispano-Americana, is concerned about the equality of treatment accorded minority groups and especially persons of Mexican ancestry and has, in this regard, created and established a special Civil Rights Department. Consistent with this policy, the Alianza has sponsored programs throughout the south-western part of the United States geared to achieve freedom of Spanish speaking peoples from discrimination in education, employment, housing and other phases of American life."

In support of this application to file the foregoing briefs appellants urge that because of adverse newspaper publicity concerning the events which gave rise to the trial, the appellants' motion in the court below for a change of venue should have been granted; that the *voir dire* examination of the jury would disclose the influence of the newspaper publicity, consequently that the *voir dire* should have been included in the record on appeal.

In the court below appellants made application for augmentation of the record to include the following beyond the normal record on appeal:

1. The *voir dire* examination of the jury;

2. The proceedings and motions made by counsel preliminary to the taking of any evidence.

The application was denied by the trial judge on the ground that insofar as appellants' claim that the entire panel of jurors was prejudiced against them and had prejudged the case, the record reflected that the accused were entitled to 35 peremptory challenges and used only 11 of them; that had the *voir dire* examination disclosed any indication of bias or prejudice the defense could have removed the jurors so biased or prejudiced, by challenge. That having failed so to do they could not be heard to complain. It was also pointed out by the trial court judge that no challenge for cause was made and denied by the court. That while a statement was made that appellants contended the jurors were prejudiced by what they read in the newspapers, no proof thereof was offered nor was any showing made of such prejudice during the empanelment of the jury at the trial. The trial judge held that the accused could not accept the jury under the foregoing circumstances, without exhausting their challenges, and then, after conviction, assert prejudice. (*People* v. *Mendes,* 35 Cal.2d 537, 542 [219 P.2d 1].)

We are in accord with the holding of the trial court

that where, as here, the trial jury was secured without delay or difficulty (in the instant case in a day and a half with only 11 of the defendants' 35 peremptory challenges being used), the claim that the cause should have been removed to another county is untenable (*People* v. *Mendes, supra*; *People* v. *McCracken*, 39 Cal.2d 336, 344 [246 P.2d 913].)

It is also noteworthy that while the statute (Pen. Code, § 1034) requires that a motion for change of venue must be supported by affidavit, no such affidavit was filed herein. At least, no request was made for any such affidavit as part of the record on appeal.

And furthermore, appellants made no contentions at the hearing of their motion for a new trial with respect to the matters now urged and upon which they desire to be heard on appeal.

▮ In the brief sought to be filed amicus curiae, the newspaper items referred to (and which are outside the record and were not presented to the trial court) appear to have been published in December, 1953, while the trial did not take place until May of 1954.

In view of the circumstances surrounding the instant applications, we are persuaded that the language of the Supreme Court of the United States in *Stroble* v. *California*, 343 U.S. 181, 195 [72 S.Ct. 599, 96 L.Ed. 872, 883], is peculiarly applicable.

". . . Indeed, at no stage of the proceedings has petitioner offered so much as an affidavit to prove that any juror was in fact prejudiced by the newspaper stories. He asks this court simply to read those stories and then to declare, over the contrary finding of two state courts, that they necessarily deprived him of due process. That we cannot do, at least where, as here, the inflammatory newspaper accounts appeared approximately six weeks before the beginning of petitioner's trial, and there is no affirmative showing that any community prejudice ever existed or in any way affected the deliberation of the jury. . . ."

The statement in the affidavit of counsel for appellant Mata that affiant is of the opinion that the *voir dire* examination would show that the entire jury panel was prejudiced against the appellants does not meet the requirement for "an affidavit to prove that any juror was in fact prejudiced by the newspaper stories."

Although we are inclined to permit augmentation of the record liberally in furtherance of justice, we have come to

the conclusion that in this case ordering the augmentation would not be justified. And, without such augmentation of the record the supplemental brief offered by appellant Mata as well as the proffered brief amicus curiae would present for consideration by us matters wholly without the record on appeal.

The application of appellant Mata to file a supplemental opening brief and the application of Alianza Hispano-Americana to file a brief amicus curiae are, and each is denied.